LAWRENCE G. BROWN
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6648
guy.p.jennings@usdoj.gov

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>MARJORIE E. BROCK;<br>JURIS TRUST COMPANY, LTD.,<br>TRUSTEE FOR GJB MANAGEMENT COMPANY;<br>GJB MANAGEMENT COMPANY;<br>STATE OF CALIFORNIA FRANCHISE TAX BOARD;<br>WASHINGTON MUTUAL BANK;<br><br>           Defendants. | Civil No. 2:97-CV-00766 FCD<br><br>**ORDER OF JUDICIAL SALE** |

A final judgment was entered by this Court in the above-entitled action, by the stipulation of the parties, on October 2, 2001, (Docket No. 65)("Judgment"), ordering that the United States' federal tax liens be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001.

**IDENTIFICATION OF PROPERTY**

1.     The first tract of real property which is the subject of this action is undeveloped land called the Bear Mountain Property.  The legal description is attached as Exhibit A hereto and incorporated herein by this reference.

2. The second property which is the subject of this action is the "Hat Creek (Siegel) Property." Its legal description is:

> LOT 10, BLOCK B, HAT CREEK VILLAGE SUBDIVISION, FILED SEPTEMBER 2, 1948 IN BOOK 7 OF MAPS AT PAGE 13, SHASTA COUNTY RECORDS.

3. The third property which is the subject of this action is the "Hat Creek (Webb) Property." Its legal description is:

> LOT 11, BLOCK B, AS SHOWN ON THE MAP OF HAT CREEK VILLAGE SUBDIVISION RECORDED IN THE OFFICE OF THE COUNTY RECORDER SEPTEMBER 2, 1948 IN BOOK 7 OF MAPS AT PAGE 13, SHASTA COUNTY RECORDS.

(Hereinafter collectively, the "Property.")

Accordingly, it is **ORDERED** as follows:

1. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

2. The Marshal or PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

    a. the sale of the Property shall be free and clear of the interests of: defendants defendants Marjorie E. Brock, Juris Trust Company, Ltd., Trustee for GJB Management Company, GJB Company, the California Franchise Tax Board, and Washington Mutual Bank;

    b. the sale shall be subject to building lines, if established, all laws,

1  ordinances, and governmental regulations (including building and zoning ordinances)
2  affecting the Property, and easements and restrictions of record, if any;
3              c. the sale shall be held at the courthouse of the county or city in which
4  the Property is located, on the Property's premises, or at any other place in accordance
5  with the provisions of 28 U.S.C. §§ 2001 and 2002;
6              d. the date and time for sale are to be announced by the United States
7  Marshal or the PALS;
8              e. notice of the sale shall be published once a week for at least four
9  consecutive weeks before the sale in at least one newspaper regularly issued and of
10 general circulation in Shasta County, and, at the discretion of the Marshal or the PALS,
11 by any other notice deemed appropriate.  The notice shall contain a description of the
12 property and shall contain the terms and conditions of sale in this order of sale;
13             f. The minimum bid for each parcel of the Property will be set by the
14 Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal or the
15 PALS may, without further permission of this Court, and under the terms and conditions
16 in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid
17 or sell to the second highest bidder;
18             g. the successful bidder(s) shall be required to deposit at the time of the
19 same with the Marshal or the PALS a minimum of ten percent of the bid, with the
20 deposit to be made by certified or cashier's check payable to the United States District
21 Court for the Eastern District of California.
22      Before being permitted to bid at the sale, bidders shall display to the Marshal or
23 the PALS proof that they are able to comply with this requirement.  No bids will be
24 received from any person(s) who have not presented proof that, if they are the
25 successful bidders(s), they can make the deposit required by this order of sale;
26              h. the balance of the purchase price for the Property is to be paid to the
27 United States Marshal or a PALS (whichever person is conducting the sale) within 20
28 days after the date the bid is accepted, by a certified or cashier's check payable to the

1  "U.S. District Court for the Eastern District of California".  If the bidder fails to fulfill this
2  requirement, the deposit shall be forfeited and shall be applied to cover the expenses of
3  the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount
4  remaining to be applied to the income tax liabilities of Marjorie E. Brock at issue herein.
5  The Property shall be again offered for sale under the terms and conditions of this order
6  of sale.  The United States may bid as a credit against its judgment without tender of
7  cash;

8      i. the sale of the Property shall be subject to confirmation by this Court.
9  The Marshal or a PALS shall file a report of sale with the Court, together with a
10 proposed order of confirmation of sale and proposed deed, within 20 days from the date
11 of receipt of the balance of the purchase price;

12     j. on confirmation of the sale, the Marshal or PALS shall execute and
13 deliver a deed of judicial sale conveying the Property to the purchaser;

14     k. on confirmation of the sale, all interests in, liens against, or claims to,
15 the Property that are held or asserted by all parties to this action are discharged and
16 extinguished;

17     l. on confirmation of the sale, the recorder of deeds for Shasta County,
18 California, shall cause transfer of the Property to be reflected upon that county's register
19 of title; and

20     m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without
21 right of redemption.  Each parcel may be sold separately.

22     4.  Until the Property is sold, Marjorie E. Brock, and her conservator, shall take all
23 reasonable steps necessary to preserve the Property (including all buildings,
24 improvements, fixtures and appurtenances on the Property) in its current condition
25 including, without limitation, maintaining a fire and casualty insurance policy on the
26 Property. She shall neither commit waste against the Property nor cause or permit
27 anyone else to do so. They shall neither do anything that tends to reduce the value or
28 marketability of the Property nor cause or permit anyone else to do so.  The defendants

1 shall not record any instruments, publish any notice, or take any other action (such as
2 running newspaper advertisements or posting signs) that may directly or indirectly tend
3 to adversely affect the value of the Property or that may tend to deter or discourage
4 potential bidders from participating in the public auction, nor shall they cause or permit
5 anyone else to do so.  The provisions of this paragraph shall include 2242 Marilyn
6 Avenue, Redding, California 96002 as a portion of the Property.

7 The proceeds of the sale are to be paid to the Clerk of this Court and applied as
8 far as they shall be sufficient to the following items, in the order specified:

9 1.  To the United States Marshal or the PALS (whichever person conducted the
10 sale as arranged by the United States) for the costs of the sale, including any expense
11 of maintaining the Property prior to sale;

12 2.  To all taxes unpaid and matured that are owed to Shasta County for real
13 property taxes on the property;

14 3.  With respect to any proceeds specifically from the Marilyn Avenue Property,
15 to Washington Mutual Bank for the outstanding unpaid balance of the note secured by a
16 deed of trust on the Marilyn Avenue property recorded March 31, 1978, in Book 1508,
17 page 194, of the official records of the Shasta County Recorder, if any, in an amount
18 according to proof;

19 4. To the United States, in partial satisfaction of the Judgment entered in this
20 case;  and

21 5.  Any balance remaining after the above payments shall be held by the Clerk
22 until further order of the Court.

23 **IT IS SO ORDERED**.
24 Dated this 10th day of November, 2009.

_____
FRANK C. DAMRELL, JR
UNITED STATES DISTRICT JUDGE