UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARJORIE E. BROCK;<br>JURIS TRUST COMPANY, LTD.,<br>TRUSTEE FOR GJB MANAGEMENT<br>COMPANY;<br>GJB MANAGEMENT COMPANY;<br>STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD;<br>WASHINGTON MUTUAL BANK;<br><br>　　　　Defendants. | Civil No. 2:97-CV-00766 MCE<br><br>**ORDER OF JUDICIAL SALE** |

　　A final judgment was entered by this Court in the above-entitled action, by the stipulation of the parties, on October 2, 2001, ("Judgment," Docket No. 65), ordering that the United States' federal tax liens be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001.

/////

/////

/////

The subject property is located at 2242 Marilyn Avenue, Redding, California 96002 and its legal description follows:

> PARCEL 1 OF PARCEL MAP NO. 158-78, BEING A PORTION OF THE SOUTH ONE-HALF OF LOT 2, BLOCK A, COCKERILL ACRES SUBDIVISION AS SHOWN ON THE MAP FILED IN THE OFFICE OF THE COUNTY RECORDER ON APRIL 6, 1953 IN BOOK 8 OF MAPS AT PAGE 17, SHASTA COUNTY RECORDS, FILED DECEMBER 1, 1977 IN BOOK 13 OF PARCEL MAPS, PAGE 146, SHASTA COUNTY RECORDS.

(Hereinafter the "Property.")

Accordingly, it is **ORDERED** as follows:

1. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

2. The Marshal or PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

    a. the sale of the Property shall be free and clear of the interests of: defendants Marjorie E. Brock, Juris Trust Company, Ltd., Trustee for GJB Management Company, GJB Company, the California Franchise Tax Board, and Washington Mutual Bank;

    b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances)

affecting the Property, and easements and restrictions of record, if any;

      c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

      d. the date and time for sale are to be announced by the United States Marshal or the PALS;

      e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Shasta County, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

      f. The minimum bid for each parcel of the Property will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

      g. the successful bidder(s) shall be required to deposit at the time of the same with the Marshal or the PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California.

   Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

      h. the balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the Eastern District of California." If the bidder fails to fulfill this

1 requirement, the deposit shall be forfeited and shall be applied to cover the expenses of
2 the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount
3 remaining to be applied to the income tax liabilities of Marjorie E. Brock at issue herein.
4 The Property shall be again offered for sale under the terms and conditions of this order
5 of sale.  The United States may bid as a credit against its judgment without tender of
6 cash;
7        i.  the sale of the Property shall be subject to confirmation by this Court.
8 The Marshal or a PALS shall file a report of sale with the Court, together with a
9 proposed order of confirmation of sale and proposed deed, within 20 days from the
10 date of receipt of the balance of the purchase price;
11        j.  on confirmation of the sale, the Marshal or PALS shall execute and
12 deliver a deed of judicial sale conveying the Property to the purchaser;
13        k.  on confirmation of the sale, all interests in, liens against, or claims to,
14 the Property that are held or asserted by all parties to this action are discharged and
15 extinguished;
16        l.  on confirmation of the sale, the recorder of deeds for Shasta County,
17 California, shall cause transfer of the Property to be reflected upon that county's
18 register of title; and
19        m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without
20 right of redemption.  Each parcel may be sold separately.
21     4.  Until the Property is sold, John Brock, Marjorie E. Brock, and her conservator,
22 Gary Brock, shall take all reasonable steps necessary to preserve the Property
23 (including all buildings, improvements, fixtures and appurtenances on the Property) in
24 its current condition including, without limitation, maintaining a fire and casualty
25 insurance policy on the Property.  She shall neither commit waste against the Property
26 nor cause or permit anyone else to do so.  They shall neither do anything that tends to
27 reduce the value or marketability of the Property nor cause or permit anyone else to do
28 so.  The defendants shall not record any instruments, publish any notice, or take any

Order of Judicial Sale

1  other action (such as running newspaper advertisements or posting signs) that may
2  directly or indirectly tend to adversely affect the value of the Property or that may tend
3  to deter or discourage potential bidders from participating in the public auction, nor shall
4  they cause or permit anyone else to do so.

5      5. All persons occupying the Property, including John Brock, Gary Brock, and
6  any of their relatives, and any person occupying the Property with their permission,
7  including but not limited to any tenant, shall leave and vacate the Property permanently
8  within 10 days of the date of this Order, each taking with them his or her personal
9  property (but leaving all improvements, buildings, fixtures, and appurtenances to the
10 Property). If any person fails or refuses to leave and vacate the Property by the time
11 specified in this Order, the United States Marshal's Office, alone, is authorized to take
12 whatever action it deems appropriate to remove such person from the premises,
13 including the use of reasonable force, whether or not the sale of such Property is being
14 conducted by a PALS. If any person fails or refuses to remove his or her personal
15 property from the Property by the time specified herein, the personal property remaining
16 on the Property thereafter is deemed forfeited and abandoned, and the United States
17 Marshal's Office is authorized to remove it and to dispose of it in any manner it deems
18 appropriate, including sale, in which case the proceeds of the sale are to be applied first
19 to the expenses of sale and the balance to be paid into the Court for further distribution.

20     The proceeds of the sale are to be paid to the Clerk of this Court and applied as
21 far as they shall be sufficient to the following items, in the order specified:

22     1. To the United States Marshal or the PALS (whichever person conducted the
23 sale as arranged by the United States) for the costs of the sale, including any expense
24 of maintaining the Property prior to sale;

25     2. To all taxes unpaid and matured that are owed to Shasta County for real
26 property taxes on the property;

27     3. With respect to any proceeds specifically from the Marilyn Avenue Property,
28 to Washington Mutual Bank for the outstanding unpaid balance of the note secured by

a deed of trust on the Marilyn Avenue property recorded March 31, 1978, in Book 1508, page 194, of the official records of the Shasta County Recorder, if any, in an amount according to proof;

4. To the United States, in partial satisfaction of the Judgment entered in this case; and

5. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED**.

Dated: May 31, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE